1  HUESTON HENNIGAN LLP
   John C. Hueston (SBN 164921)
2  jhueston@hueston.com
   Douglas J. Dixon (SBN 275389)
3  ddixon@hueston.com
   Lauren E. Shaw (SBN 293601)
4  lshaw@hueston.com
   Kasey Mitchell (SBN 293870)
5  kmitchell@hueston.com
   523 West 6th Street, Suite 400
6  Los Angeles, CA 90014
   Telephone:   (213) 788-4340
7  Facsimile:   (888) 775-0898

8  Attorneys for Nominal Defendant
   Amgen Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 | JUDY DURGIN, on behalf of Nominal | Case No. 2:07-CV-3001 PSG (PLAx)
   | Defendant, Amgen Inc.,
13 |                                  | Assigned to the Honorable Philip S.
   |         Plaintiff,               | Gutierrez
14 |
   |      vs.
15 |                                  | **NOMINAL DEFENDANT AMGEN
   | KEVIN W. SHARER, GEORGE          | INC.'S NOTICE OF MOTION AND
16 | MORROW, DENNIS FENTON, BRIAN     | MOTION TO DISMISS
   | MCNAMEE, ROGER M.                | SHAREHOLDER DERIVATIVE
17 | PERLMUTTER, DAVID BALTIMORE,     | ACTION FOR LACK OF STANDING**
   | GILBERT S. OMENN, JUDITH C.
18 | PELHAM, FREDERICK W. GLUCK,
   | JERRY D. CHOATE, J. PAUL         | Date:       December 12, 2016
19 | REASON, FRANK J. BIONDI, JR.,    | Time:       1:30 p.m.
   | LEONARD D. SCHAEFFER, FRANK      | Courtroom:  880
20 | C. HERRINGER, RICHARD D.
   | NANULA, EDWARD V. FRITZKY and
21 | FRANKLIN P. JOHNSON, JR.,
   |
22 |         Defendants.
   |
23 |         - and -
   |
24 | AMGEN INC.,
   |
25 |         Nominal Defendant.

26

27

28

---

MOTION TO DISMISS SHAREHOLDER DERIVATIVE ACTION FOR LACK OF STANDING

5074425

1      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          **PLEASE TAKE NOTICE** that on December 12, 2016 at 1:30 p.m., or as

3   soon thereafter as this motion may be heard, in Courtroom 880 at the United States

4   Courthouse, located at 255 East Temple Street, Los Angeles, California 90012-3332,

5   Nominal Defendant Amgen Inc. ("Amgen") will and hereby does move to dismiss

6   this action under Rules 12(b)(1) and 23.1 of the Federal Rules of Civil Procedure.

7          This Motion is based on the pleadings and papers filed in this action, the

8   accompanying Memorandum of Points and Authorities, the Declaration of Douglas J.

9   Dixon in support of the Motion, and such other matters as may be presented in

10  connection with the hearing on the motion.  This motion is made following the

11  conference of counsel pursuant to L.R. 7-3 which took place on September 30 and

12  October 10, 2016.

13

14  Dated: October 10, 2016                    Respectfully submitted,

15                                             HUESTON HENNIGAN LLP

16

17                                             By:    */s/ Douglas J. Dixon*
                                                      Douglas J. Dixon
18                                                    Attorneys for Nominal Defendant
                                                      Amgen Inc.
19

20

21

22

23

24

25

26

27

28

---

MOTION TO DISMISS SHAREHOLDER DERIVATIVE ACTION FOR LACK OF STANDING

5074425

1

## TABLE OF CONTENTS

2                                                                                                                    Page

3   I.      INTRODUCTION ........................................................................................................1

4   II.     BACKGROUND .........................................................................................................2

5   III.    LEGAL STANDARD ..................................................................................................3

6   IV.     ARGUMENT ..............................................................................................................4

7   V.      CONCLUSION ...........................................................................................................5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS SHAREHOLDER DERIVATIVE ACTION FOR LACK OF STANDING

5074425

1

## TABLE OF AUTHORITIES

2

Page(s)

3 **Cases**

4 *Emrich v. Touche Ross & Co.*,
 846 F.2d 1190 (9th Cir. 1988)..........................................................................1

5

*Goldberg v. Meridor*,
6  81 F.R.D. 105 (S.D.N.Y. 1979)...................................................................5

7 *In re Accuray, Inc. S'holder Derivative Litig.*,
 757 F.Supp.2d 919 (N. D. Cal. 2010) ..........................................................4

8

*In re Am. Apparel, Inc. S'holder Derivative Litig.*,
9  2012 WL 9506072 (C.D. Cal. July 31, 2012) ..............................................4

10 *In re Oracle Corp. Derivative Litig.*,
 2011 WL 5444262 (N.D. Cal. Nov. 9, 2011 ..............................................3, 5

11

*In re Verisign, Inc. Derivative Litig.*,
12  531 F.Supp.2d 1173 (N.D. Cal. 2007) .........................................................4

13 *Kona Enters., Inc. v. Estate of Bishop*,
 179 F.3d 767 (9th Cir. 1999)........................................................................4

14

*Lewis v. Chiles*,
15  719 F.2d 1044 (9th Cir. 1983)...................................................................1, 3

16 *Sprando ex rel. Intn'l Game Tech. v. Hart*,
 2011 WL 3055242 (D. Nev. July 22, 2011)..................................................4

17

*Surowitz v. Hilton Hotels Corp.*,
18  383 U.S. 363 (1966) .....................................................................................5

19 *Tosco Corp. v. Comtys. For Better Env't*,
 236 F.3d 495 (9th Cir. 2001).......................................................................3

20

*Warth v. Seldin*,
21  422 U.S. 490 (1975) .....................................................................................1

22 *White v. Lee*,
 227 F.3d 1214 (9th Cir. 2000)......................................................................3

23

**Rules**
24

Fed. R. Civ. P. 23.1..............................................................................................1

25

26

27

28

MOTION TO DISMISS SHAREHOLDER DERIVATIVE ACTION FOR LACK OF STANDING

5074425

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Judy Durgin ("Plaintiff" or "Durgin") filed her Verified Shareholder Derivative Complaint (the "Complaint") over nine years ago, piggy backing off of a federal securities fraud class action, *In re Amgen Securities Litigation*, Case No. 2:07-cv-2536 PSG (C.D. Cal.) ("Securities Class Action").  Before this case was stayed pending the outcome of the Securities Class Action, Nominal Defendant Amgen Inc. ("Amgen") moved to dismiss the Complaint for failure to meet the stringent requirements of pleading demand futility under Rule 23.1 of the Federal Rules of Civil Procedure and applicable Delaware law.  (*See* Dkt. No. 40.)  That motion remains pending.[1]

In addition, the Complaint should also be dismissed for lack of standing. Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court.").  Due to the unique nature of shareholder derivative suits, a derivative plaintiff is required to plead his or her standing to bring a derivative suit with particularity.  *See* Fed. R. Civ. P. 23.1.  Here, Plaintiff has failed to do so.  She has not plead with particularity when she acquired her Amgen shares and whether she has continuously held those shares from the beginning of the alleged wrongdoing through today, as required.  *See*

_____

[1] Defendants Kevin W. Sharer, George Morrow, Dennis Fenton, Brian McNamee, Roger Perlmutter, David Baltimore, Gilbert Omenn, Judith Pelham, Frederick Gluck, Jerry Choate, J. Paul Reason, Frank Biondi, Jr., Leonard Schaeffer, Frank Herringer, Richard Nanula, Edward Fritzky, and Franklin Johnson, Jr. (collectively, the "Individual Defendants") also have a motion to dismiss pending that has not yet been ruled upon.  (*See* Dkt. No. 35.)

1  *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983) (requiring a derivative plaintiff

2  to "be a shareholder at the time of the alleged wrongful acts" and "retain ownership

3  of the stock for the duration of the lawsuit").

4          Accordingly, because the Securities Class Action is now almost entirely

5  resolved,[2] the stay in this case should be lifted and Plaintiff's Complaint dismissed

6  for failure to plead facts sufficient to establish that she has standing to pursue this

7  matter derivatively on behalf of Amgen.

8  **II.      BACKGROUND**

9          Amgen is a Delaware corporation with headquarters in Thousand Oaks,

10  California, that develops and markets human therapeutics.  (Dixon Decl.,[3] Ex. A

11  (Compl.) ¶¶ 2, 12.)  When this case was filed, there were ten members of Amgen's

12  Board of Directors: Amgen's CEO, President and Chairman of the Board, Kevin W.

13  Sharer, and nine non-management (or outside) directors: David Baltimore, Frank J.

14  Biondi, Jerry C. Choate, Frederick W. Gluck, Frank C. Herringer, Gilbert S. Omenn,

15  Judith C. Pelham, J. Paul Reason, and Leonard D. Schaeffer.  (*Id.* ¶¶ 68, 13, 18-26.)

16  The named defendants in this case include these ten directors,[4] as well as seven other

17  current and former Amgen officers and directors (collectively the "Defendants").

18

19  _____

20  [2] On August 9, 2016, this Court entered its Order Granting Preliminary Approval of
     Class Action Settlement.  *See In re Amgen Securities Litigation*, Case No. 2:07-cv-
     2536 PSG (PLAx) (Dkt. No. 587).  On September 20, lead plaintiff in the Securities

21  Class Action moved for final approval of proposed class action settlement and plan
     of allocation.  *See id.* Dkt. No. 589.

22  [3] "Dixon Decl. Ex.    " refers to the exhibits attached to the Declaration of Douglas J.
     Dixon in Support of Nominal Defendant Amgen Inc.'s Motion to Dismiss the

23  Verified Shareholder Derivative Complaint, executed October 10, 2016.

24  [4] Only four of these directors remain on the Board today.  Since this lawsuit was
     commenced, Amgen has also added nine new directors to its Board and appointed a

25  new CEO and Chairman of the Board, Robert A. Bradway.  *See* Amgen's current
     Board of Directors, at http://wwwext.amgen.com/about/leadership/#board-of-

26  directors (listing of Directors as of 9/23/2016: David Baltimore, Frank J. Biondi, Jr.,
     Robert A. Bradway, Francois de Carbonnel, Robert A. Eckert, Greg C. Garland, Fred

27  Hassan, Rebecca M. Henderson, Frank C. Herringer, Tyler Jacks, Judith C. Pelham,
     Ronald D. Sugar, and R. Sanders Williams).

28

MOTION TO DISMISS SHAREHOLDER DERIVATIVE ACTION FOR LACK OF STANDING

5074425

1    Plaintiff purports to be an Amgen shareholder who seeks to bring suit

2  derivatively on behalf of Amgen.  (*Id.* ¶¶ 1, 11.)  She claims that Defendants violated

3  Rule 10b-5 and § 10(b) of the Securities Exchange Act and breached their fiduciary

4  duty to Amgen by disseminating untrue statements, and based on those allegations,

5  she further claims that certain Defendants breached their fiduciary duties through

6  insider trading and misappropriation of information (*see id.* ¶¶ 88-93, 94-104).  In

7  support of her standing, Plaintiff alleges that she "is, and was at times relevant

8  hereto, an owner and holder of Amgen common stock."[5]  (*Id.* at ¶ 11; *see also id.* at

9  ¶ 67 ("Plaintiff is and was an owner of the stock of Amgen during times relevant to

10  the Individual Defendants' wrongful course of conduct alleged herein, and remains a

11  shareholder of the Company.").)

## III.    LEGAL STANDARD

13    Whether a plaintiff has standing pertains to a court's subject matter

14  jurisdiction over the action.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

15  Thus, challenges to a plaintiff's standing are properly raised under Rule 12(b)(1).  *Id.*

16  "When subject matter jurisdiction is challenged under. . . 12(b)(1), the plaintiff has

17  the burden of proving jurisdiction in order to survive the motion."  *Tosco Corp. v.*

18  *Comtys. For Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  "The Ninth Circuit has

19  interpreted [Federal Rule of Civil Procedure] 23.1 to require that a derivative

20  plaintiff 'be a shareholder at the time of the alleged wrongful acts' and 'retain

21  ownership of the stock for the duration of the lawsuit.'  *In re Oracle Corp.*

22  *Derivative Litig.*, 2011 WL 5444262, at *6 (N.D. Cal. Nov. 9, 2011) (quoting *Lewis*,

23  719 F.2d at 1047).

24

25

---

26  [5] Although Durgin purported to be an Amgen shareholder when the Complaint was
27  filed in 2007, Amgen does not know if she continues to be a shareholder today, over
    nine years later.  Given the passage of time, during the meet-and-confer process,
28  Amgen asked Durgin's counsel for proof of Durgin's continuous stock ownership,
    but Durgin's counsel has refused to provide any proof.

MOTION TO DISMISS SHAREHOLDER DERIVATIVE ACTION FOR LACK OF STANDING

5074425

1       This contemporaneous and continuous ownership requirement ensures that a

2   derivative plaintiff has a stake in the litigation and will fairly and adequately

3   represent the interests of the corporation.  *Id.* at 1047 n.1.  To satisfy this

4   requirement, a derivative plaintiff "must unambiguously indicate . . . the dates they

5   purchased [company] stock, and whether they have continuously owned [company]

6   stock from the time of purchase up to the present."  *In re Verisign, Inc. Derivative*

7   *Litig.*, 531 F.Supp.2d 1173, 1202 (N.D. Cal. 2007).  If these conditions are not

8   satisfied, the plaintiff does not have standing to pursue derivative claims.  *Kona*

9   *Enters., Inc. v. Estate of Bishop*, 179 F.3d 767, 769 (9th Cir. 1999); *see also In re*

10  *Am. Apparel, Inc. S'holder Derivative Litig.*, 2012 WL 9506072, at *37 (C.D. Cal.

11  July 31, 2012) ("Rule 23.1 requires that the complaint 'allege that the plaintiff was a

12  shareholder or member at the time of the transaction complained of, or that the

13  plaintiff's share or membership later devolved on it by operation of law.'").

14  **IV.   ARGUMENT**

15      Plaintiff fails to meet the pleading requirements for standing under Rule 23.1.

16  Plaintiff has not plead with particularity when she purchased her shares in Amgen or

17  whether her ownership of those shares was continuous.  Instead, the Complaint

18  alleges only that she "is and was the owner of the stock of Amgen during times

19  relevant to the Individual Defendants' wrongful course of conduct alleged herein,

20  and remains a shareholder of the Company."  (Dixon Decl., Ex. A (Compl.) ¶ 67.)

21  This allegation lacks the particularity required under Rule 23.1.  *See, e.g., Sprando ex*

22  *rel. Intn'l Game Tech. v. Hart*, 2011 WL 3055242, at *2 (D. Nev. July 22, 2011)

23  (finding allegation that the plaintiff "was a shareholder of [the company] at the time

24  of the continuing wrong complained of and remains a shareholder" to be a

25  "generalized pleading" that "fails to comply with Rule 23.1's procedural

26  requirements"); *In re Accuray, Inc. S'holder Derivative Litig.*, 757 F.Supp.2d 919,

27  926 (N. D. Cal. 2010) (finding that the plaintiffs' allegation "that they were

28  shareholders of '[the company] at the time of the continuing wrongs complained of

- 4 -

MOTION TO DISMISS SHAREHOLDER DERIVATIVE ACTION FOR LACK OF STANDING

5074425

1  herein'" was a "vague allegation" that "does not satisfy the strict standard of

2  Rule 23.1").

3       Accordingly, because Plaintiff has not plead these requisite facts under

4  Rule 23.1, she has failed to establish that she has standing under Rule 12(b)(1) to

5  bring her derivative claims, and the Complaint should be dismissed.  *See In re*

6  *Oracle Corp. Derivative Litig.*, 2011 WL 5444262, at *6 (N.D. Cal. Nov. 9, 2011)

7  (dismissing complaint for failure to meet the pleading requirements under Rule 23.1

8  and for lack of standing under Rule 12(b)(1)).[6]

9  **V.    CONCLUSION**

10      The Complaint should be dismissed because Plaintiff has failed to plead that

11  she has standing to bring this suit derivatively.

12

13  Dated:  October 10, 2016            HUESTON HENNIGAN LLP

14

15                                 By:   */s/ Douglas J. Dixon*
                                        Douglas J. Dixon
16                                      Attorneys for Nominal Defendant
                                        Amgen Inc.

17

18

19

20

21  ─────────────────

22  [6] Further highlighting the deficiency of Plaintiff's efforts to establish her standing is the fact that she failed to verify her Complaint, as required under Rule 23.1.  Instead,

23  the Complaint was verified by Plaintiff's counsel, with no indication that Plaintiff's counsel had actual knowledge of the events set forth in the Complaint, including

24  those giving rise to Plaintiff's alleged standing.  (Dixon Decl., Ex. A (Compl.) at 55

25  (Verification).)  "While Rule 23.1 does not specify who is to verify the complaint in a derivative action, the requirement has traditionally been interpreted to mean that

26  the plaintiff, and not counsel, should execute the verification." *Goldberg v. Meridor*,

27  81 F.R.D. 105, 110 (S.D.N.Y. 1979) (citing *Surowitz v. Hilton Hotels Corp.*, 383

28  U.S. 363, 365 (1966).